**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES RICARDO MACAWALANG; HESTY VERONICA TIWA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71155 <br><br> Agency Nos.  A096-362-904 <br> A096-362-905 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

James Ricardo Macawalang and Hesty Veronica Tiwa, natives and citizens

of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

We deny petitioners' pending motions to take judicial notice of materials outside the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (this court's review is limited to the administrative record).

With respect to Macawalang's asylum claim, and Tiwa's withholding of removal claim, substantial evidence supports the BIA's determination that Macawalang and Tiwa failed to establish they experienced past persecution in Indonesia. *See Wakkary*, 558 F.3d at 1059-60 ("being accosted by a threatening mob" while driving was discriminatory mistreatment but did not constitute past persecution). Substantial evidence also supports the BIA's finding that, even under a disfavored group analysis, Macawalang failed to establish a well-founded fear of persecution and Tiwa failed to establish it is more likely than not that she will be persecuted in Indonesia, because they did not demonstrate sufficient individualized risk of persecution. *See Halim v. Holder*, 590 F.3d 971, 979 (9th Cir. 2009);

*Wakkary*, 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence"). We reject petitioners' request that the court reconsider its stance regarding a pattern or practice of persecution. Accordingly, both Macawalang's asylum claim and Tiwa's withholding of removal claim fail.

Because Macawalang did not establish eligibility for asylum, it necessarily follows that he cannot meet the heavier burden of qualifying for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

With respect to Tiwa's asylum claim, the record does not compel the conclusion Tiwa established changed or extraordinary circumstances to excuse the delay in filing her asylum application. *See* 8 C.F.R. § 1208.4(a)(4)-(a)(5); *Ramadan v. Gonzales*, 479 F.3d 646, 657-58 (9th Cir. 2007) (per curiam). We lack jurisdiction to consider whether the fact that Tiwa was listed on her husband's asylum application constitutes an extraordinary circumstance excusing her untimely asylum application, because she did not raise this argument to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We reject petitioners' challenge to this court's decision in *Tampubolon v. Holder*, 598 F.3d 1049 (9th Cir. 2009). *See Avagyan v. Holder*, 646 F.3d 672, 677 (9th Cir. 2011) ("[a] three-judge panel cannot reconsider or overrule circuit precedent unless an intervening

Supreme Court decision undermines an existing precedent of the Ninth Circuit")

(internal quotation and citation omitted).  Accordingly, Tiwa's asylum claim fails.

We lack jurisdiction to review petitioners' CAT contentions, because

petitioners failed to raise them to the BIA.  *See Barron*, 358 F.3d at 678.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**